Martin J. Lawler (CSBN 77127)
Lawler & Lawler
505 Sansome Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 391-2010
Fax: (415) 781-6181
Email: mlawler@aboutvisas.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Daniel Goldberg Lerner<br><br>    Plaintiff,<br><br>    vs.<br><br>United States Citizenship and Immigration Services;<br><br>Kevin K. McAleenan, in his official capacity as Secretary,<br>U.S. Department of Homeland Security;<br><br>Lee Francis Cissna, in his official capacity as Director,<br>U.S. Citizenship and Immigration Services;<br><br>    Defendants. | 2:19-CV-02894<br><br>COMPLAINT FOR WRIT OF MANDAMUS |

**<u>VERIFIED COMPLAINT FOR IMMEDIATE MANDAMUS RELIEF</u>**

# PRELIMINARY STATEMENT

1. This is a case brought to compel unreasonably and unlawfully delayed agency action pursuant to 5 U.S.C. § 555(b) and § 706(1) and for mandamus relief under 28 U.S.C. § 1361.

2. Daniel Goldberg Lerner (hereafter "Daniel Goldberg") is a citizen of Mexico. He made a $500,000 investment in the Convention Center Jobs Fund, LP project and became a conditional permanent resident of the United States pursuant to the EB-5 program. To remove the conditions on his permanent residence and complete his immigration process, he filed Form I-829 with Defendant United States Citizenship and Immigration Services ("USCIS"). His I-829 petition has languished for almost four years and remains undecided.

3. Mr. Goldberg seeks adjudication of his EB-5 Form I-829 petition which Defendant USCIS has refused and failed to decide despite Plaintiff Goldberg's counsel's inquiries and requests that they do so.

4. Plaintiff invested in a project sponsored by D.C. Regional Center, LLC, a USCIS approved "Regional Center," to receive foreign investments that can result in immigrant visas for its investors pursuant to the EB-5 program. D.C. Regional Center, LLC sponsored the development of the Convention Center Jobs Fund, LP

project which participated in the building of a Marriott Marquis Hotel and Convention Center in downtown Washington D.C. The hotel and center cost about $500 million. It has opened and is in operation. The construction and the subsequent operation of the hotel have created many direct jobs in the hotel and substantial indirect jobs in the Washington D.C. area. The project has 10 EB-5 investors. Nine of them have had their I-829 petitions granted.

5. Defendants' delay in adjudicating Plaintiff's petition is beyond its typical processing times such that the delay is arbitrary and unreasonable. This unlawful and unreasonable delay, unless remedied immediately, will cause Plaintiff permanent and irreparable harm because of Defendants' refusal to decide his case.

**JURISDICTION**

6. The Court has jurisdiction over the present action pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction; 28 U.S.C. § 2201, the Declaratory Judgment Act; 5 U.S.C. § 701 *et seq.*, the Administrative Procedure Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty; and the All Writs Act, 28 U.S.C. § 1651.

**VENUE**

7. Venue properly lies in Southern California pursuant to 28 U.S.C. §

1391(e)(1) because this is a civil action against an agency, and officers or employees of the agency of the United States, that operates in this District. Venue is proper in Southern California since the Plaintiff has resided in and has a home in California, and § 336(b) of the Immigration and Nationality Act, 8 U.S.C. § 1447(b), says that venue is proper in "the district in which the applicant resides."

## PARTIES

8. Plaintiff Daniel Goldberg is a native and citizen of Mexico. His permanent address is ▮▮▮▮▮▮▮▮▮▮▮▮ Los Angeles, California ▮▮▮▮. On June 28, 2011, he invested $500,000 in the Convention Center Jobs Fund, LP project. Daniel Goldberg filed an EB-5 Form I-526 petition with defendant USCIS on December 5, 2011, and it was approved. He then was granted adjustment of status and became a lawful "conditional" permanent resident on August 26, 2013. On June 17, 2015, Daniel Goldberg timely filed his Form I-829 petition to remove conditions on his permanent resident status and it remains pending beyond the USCIS usual processing times. Multiple inquiries have been made to USCIS requesting adjudication of his petition.

9. Defendant USCIS is the agency within the federal Department of Homeland Security responsible for administering the EB-5 Immigrant Investor

Program, including adjudicating I-829 petitions. EB-5 petitions are adjudicated by the USCIS Immigrant Investor Program Office in Washington, D.C.

10. Defendant Kevin K. McAleenan is the Acting Secretary of the Department of Homeland Security ("DHS"). He is sued in his official capacity.

11. Defendant Lee Francis Cissna is the Director of USCIS. He is sued in his official capacity.

## EXHAUSTION OF REMEDIES

12. Plaintiff has no administrative remedies available to obtain adjudication of his petition. His requests for adjudication have been ignored.

## FACTS

## IMMIGRANT INVESTOR PROGRAM

13. The Immigration and Nationality Act ("INA") of 1990, section 203(b)(5), 8 U.S.C. § 1153(b)(5), created a new preference allocation of 10,000 visas ("EB-5 visas") for immigrants who invest, or are in the process of investing, lawfully obtained capital in a commercial enterprise, which will create, or save, 10 or more jobs for qualified U.S. workers. The minimum investment amount is $1 million, or $500,000 when the investment is made in a "targeted employment area" (that is, a rural area or an area of unemployment substantially higher than the national

average). 8 U.S.C. § 1153(b)(5); 8 C.F.R. § 204.6(f)(2). Under this law, qualified immigrant investors may obtain lawful permanent residence in the United States for themselves and their dependents. The EB-5 law is intended to attract foreign capital for economic development and job creation, especially in economically depressed or rural areas.

14. On October 6, 1992, Congress added the Immigrant Investor Regional Center Program to the Immigrant Investor Program. The Regional Center Program permits Regional Centers to pool immigrant investors' capital to develop projects and create jobs. The law sets aside visas for those who invest in regional center projects. 8 U.S.C. § 1153. Since 1992, Congress has reaffirmed its commitment to the regional center program by reauthorizing the program many times.

15. A regional center is an entity approved by the USCIS to promote economic growth including improving regional productivity, job creation, and increased domestic capital investment. 8 C.F.R. § 204.6(e). A regional center project is one owned by or associated with a regional center.

16. For EB-5 immigration, each investor must create 10 jobs based on the individual's investment, which may include indirect jobs such as those created by suppliers of goods and services, using reasonable methodologies to estimate both. 8

C.F.R. § 204.6(e), (j)(4)(iii), (m)(7). Reasonable methodologies include standard economic input/output models.

17. USCIS has a team of more than 100 employees in Washington, D.C. engaged solely in the adjudication of EB-5 cases. These include specialists such as economists, securities lawyers, and business analysts.

## THE APPLICATION PROCESS

18. Each EB-5 investor must file USCIS Form I-526 with supporting documents showing the petitioner's investment, lawful source of funds, and evidence that the project will generate 10 jobs as required by 8 U.S.C. § 1153(b)(5)(A). The I-526 petition contains full and complete documentation of the project.

19. If USCIS determines that the regional center project meets legal requirements and the investment meets the qualifications, USCIS will approve the I-526, permitting the petitioner to apply for adjustment to permanent resident status with the USCIS, or apply for an immigrant visa through the Department of State.

20. After becoming a conditional permanent resident, the investor must wait 21 months to file the Form I-829. Each EB-5 petitioner needs to prove at the I-829 stage that 1) he maintained his investment in the project; and 2) the project

created 10 U.S. full-time jobs with the investor's $500,000 capital. Such evidence was submitted with Daniel Goldberg's I-829.

21. Defendant USCIS's regulations at 8 C.F.R § 216.6(c) requires the agency to decide the I-829 petition within 90 days of filing or interview. The regulations state: "Adjudication of petition. (1) The decision on the petition shall be made within 90 days of the date of filing or within 90 days of the interview, whichever is later." I-829 petitioners are rarely interviewed. The petitions are almost always decided based on the Form I-829 and supporting documents.

22. Upon approval of the I-829 petition, the petitioner becomes a lawful permanent resident ("green card" holder). Plaintiff Daniel Goldberg's EB-5 I-829 has been pending for almost four years. While he remains in lawful status, the USCIS's delay has made it impossible for him to make future plans, including applying for U.S. citizenship.

### THE FACTS UNDERLYING THIS CLAIM

23. USCIS has approved nine other EB-5 I-829 petitions for investors in the Convention Center Jobs Fund, LP Project in which Daniel Goldberg invested. This project involves the creation and operation of a Marriott Marquis Hotel and Convention Center in Washington, D.C. which is now operating.

24. The USCIS file number for Daniel Goldberg is WAC-15-260-0020. His I-829 petition is fully documented with evidence that Mr. Goldberg maintained his investment. It also includes a standard economic analysis using an input/output model and other evidence verifying that the project in which he invested created the necessary 10 U.S. jobs with his capital. As of the time of this complaint, USCIS states on its website that it should have processed I-829 petitions filed on or before March 7, 2016. Plaintiff's I-829 petition was filed on June 17, 2015, well before this date and beyond the normal processing time.

## CAUSES OF ACTION

25. Plaintiff incorporates paragraphs 1 through 24 as fully stated herein. Defendants owe Plaintiff a duty to adjudicate its petition pursuant to the 1993 Appropriations Act § 610 and 8 C.F.R. § 204.6(m). USCIS has been paid a fee of $3,920.00 for the time it takes to adjudicate the case (which is a user fee tied to the effort necessary to process each case). Defendants have arbitrarily refused to perform their duty.

26. Plaintiff Daniel Goldberg, through his attorney, has made inquiries about the status of his long pending I-829 petition.

27. On April 30, 2018, Daniel Goldberg's counsel wrote an email to the

USCIS EB-5 Unit inquiring about the status of his I-829. USCIS replied on June 6, 2018, that the petition is pending and is not beyond the usual processing time.

28. On September 12, 2018, Plaintiff Goldberg's counsel wrote the USCIS EB-5 Unit via email inquiring about the status of the long pending petition. On September 19, 2018, USCIS replied that the petition is "…currently pending with the Investor Program Office."

29. On November 6, 2018, Plaintiff's counsel Martin J. Lawler sent Defendant USCIS EB-5 Unit an email inquiry. On November 14, 2018, USCIS said "…the case is under review. Your office and the petitioner will be notified if additional information is needed or when a decision is made."

30. On March 14, 2019, an email inquiry was sent to the USCIS EB-5 Unit by email. On March 15, 2019, USCIS replied with a boilerplate response that the petition was "…currently pending extended review."

31. On March 20, 2019, Plaintiff's counsel sent an email request for a decision and attached a draft of this complaint. On March 21, 2019, USCIS replied with a boilerplate email identical to the one received on March 15.

32. Plaintiff will continue to be damaged by Defendants' failure to act on Plaintiff's Form I-829 petition, as they are required to do by § 610 of the 1993

Appropriations Act and 8 C.F.R. § 204.6(m).

33. Plaintiff has no adequate remedy through the administrative processes of USCIS and has no other remedy at law.

34. Defendants' conduct violates 5 U.S.C. § 555(b), which requires USCIS to conclude a matter presented to it "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." Defendants' conduct also constitutes unlawfully withheld or unreasonably delayed agency action, action which this Court therefore "shall…compel" pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court will:

35. Assume jurisdiction of this cause.

36. Enter an order compelling Defendants to perform their duty to act upon Plaintiff's Form I-829 petition within 15 days.

37. Grant Plaintiff reasonable attorney's fees and such further relief as may be just, lawful, and equitable.

1  DATED: April 15, 2019 		Respectfully submitted,

2

3 						/s/ Martin J. Lawler
						_____
4						Martin J. Lawler
						CA Bar # 77127
5						Lawler & Lawler
						505 Sansome Street, Suite 1250
6						San Francisco, CA 94111
						Phone: (415) 391-2010
7						Fax: (415) 781-6181
						mlawler@aboutvisas.com
8
						Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21